# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, Southwest Corporate Federal Credit Union, and Constitution Corporate Federal Credit Union, | ) ) ) ) ) ) ) ) ) | Case No. 14-cv-10067-RMB<br><br>Hon. Richard M. Berman |
| Plaintiffs, | ) ) | **[PROPOSED] CASE MANAGEMENT PLAN** |
| v. | ) ) | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, | ) ) ) | |
| Defendant. | ) ) | |

The following Case Management Plan (the "Plan") is entered after consultation with the parties. This Plan is also a Rule 16 and Rule 26(f) scheduling order as required by the Federal Rules of Civil Procedure.

    (i)    **Joinder of Additional Parties:** The parties respectfully submit that the parties should confer after the Court rules on Defendant's anticipated motion to dismiss to propose a deadline to join additional parties to this lawsuit.

    (ii)    **Amend the Pleadings By:** In light of the Second Circuit's decision in *Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chicago v. The Bank of New York Mellon*, Case No. 13-1776 (2d Cir. Dec. 23, 2014), Plaintiffs plan to amend their complaint. The parties have conferred on this issue, and have agreed, subject to the Court's approval, that Plaintiffs' amended complaint shall be filed thirty (30) days from the entry of this Order.

    (iii)    **All Discovery to be Expeditiously Completed By:**

        a.    *Plaintiffs' Position:* There are no special circumstances in this case that

would render initial disclosures inappropriate. The NCUA Board requests that the parties exchange initial disclosures on March 5, 2015. The NCUA Board further requests that at or before the time for initial disclosures, the Trustee produce the following documents for each Covered Trust: the original and any supplemental mortgage loan schedules, any final certifications and related exception reports, all centrally located files associated with each trusts (including hardcopy deal and correspondence files and electronic files stored on shared drives), final loan tapes (including supporting loan group data), and all underwriting guidelines and loan files in their possession, custody, or control, which pertain to the Covered Trusts.

The NCUA Board contemplates discovery relating to a number of issues, including:

- The Trustee's policies and procedures concerning its trusteeship of the Covered Trusts.

- The Trustee's actions concerning the Covered Trusts that are part of the Complaint, including, for example: the Trustee's communications concerning the Covered Trusts; The Trustee's receipt and review of mortgage files; the Trustee's knowledge of defaults and other issues within the Covered Trusts; the Trustee's action or failure to take action concerning any defective loans or defaults with the Covered Trusts; the Trustee's interaction with the master servicers, servicers, custodians, and securities administrators for the Covered Trusts.

- The Trustee's compliance with its contractual obligations under the governing agreements, including its collection and review of loan files.

- The actions of the sponsors and originators connected to the Covered Trusts, and the widespread breaches of representations and warranties in the Covered Trusts.

- The losses the NCUA Board and certificateholders suffered.

b.     *Defendant's Position:* Plaintiffs have acknowledged their intention to amend their complaint.  Further, both causes of action in Plaintiffs' currently operative Complaint – alleged violations of the Trust Indenture Act of 1939 and

the Streit Act – should be dismissed.   Pursuant to recent Second Circuit authority, the Trust Indenture Act of 1939 ("TIA") does not apply to PSA-governed trusts.   *Ret. Bd. of the Policemen's Annuity & Benefit Fund v. BNYM*, __ F.3d. __, 2014 WL 7272269, at *8 (2d Cir. Dec. 23, 2014).   Thus, Plaintiffs' TIA cause of action should be dismissed with respect to 25 of the 27 trusts at issue.   Plaintiffs' TIA claims with respect to the other two trusts should also be dismissed because the Complaint fails, among other things, to adequately allege defaults triggering Defendant's duties under the TIA.   Plaintiffs' remaining claim, based on purported violations of the Streit Act, should also be dismissed as a matter of law.   Accordingly, good cause exists to stay discovery in light of the Plaintiffs' amended complaint and the potential motion to dismiss to be filed by Defendant, which may narrow the scope of the case and potential discovery from Plaintiff, Defendant and third parties.   The parties should have the benefit of proceeding with discovery with full knowledge of the claims at issue before expending resources responding to discovery requests that may seek documents and information that may no longer be relevant to the case.   The parties shall confer after completion of the Rule 12 stage to propose to the Court a deadline by which all discovery shall be expeditiously completed.

(iv)   **Consent to Proceed Before Magistrate Judge:** The parties do not consent to proceed before a Magistrate Judge.

(v)   **Status of Settlement Discussions:** This case is at the early stages and there have been no settlement discussions. The parties and counsel are experienced in complex litigation and private mediation and are open to mediation at the appropriate time.

Sections vi through xi will be set at conference with the Court.

(vi)     **Motions:** Plaintiffs do not anticipate filing any motions at this stage of the case. Defendant anticipates filing a motion to dismiss Plaintiffs' Complaint. Defendant also anticipates filing motions to dismiss in connection with the three other related cases pending before this Court. As part of its motion to dismiss the *BlackRock* case, Defendant will argue that the Court should not exercise supplemental jurisdiction over 262 of the 274 trusts at issue in that case. Defendant believes that the jurisdictional issue should be resolved first, so that the Court and the parties know precisely what transactions are before the Court. Subject to the Court's approval, Defendant believes that the briefing on the motions to dismiss should be coordinated. In addition to Plaintiffs, we understand that at least one other plaintiff in the related cases, Phoenix Light, intends to amend its complaint in the next 30 days or so. For that reason also, Defendant believes it is most efficient to (i) brief the *BlackRock* jurisdictional issues first and (ii) brief the remainder of the issues on the motion to dismiss as to all cases once the amended complaints are on file and the Court has resolved the extent of its jurisdiction over the *BlackRock* matter. Plaintiffs oppose successive motions to dismiss, particularly because the jurisdictional dispute at issue in the *BlackRock* case is not an issue in this case. To the extent that the Court determines that coordinated briefing is appropriate, Plaintiffs respectfully suggest that Defendant should assert all of its defenses in a single motion, as required by the Federal Rules of Civil Procedure.[1]

---

[1] Courts in this district have denied successive motions to dismiss following similar requests by trustees in other RMBS litigation. *See, e.g.*, Memo Endorsement *BlackRock Allocation Target Shares, et al. v. US Bank National Association*, Case No. 14-cv-9401 (S.D.N.Y. Jan. 21, 2015) (ECF No. 38); Order, *BlackRock Allocation Target Shares, et al. v. The Bank of New York Mellon et al.*, Case No. 14-cv-9372 (S.D.N.Y. Jan. 26, 2015) (ECF No. 33).

If the Court requests coordinated or joint briefing among all four related cases in connection with all the anticipated motions, then Plaintiffs and Defendant will negotiate a comprehensive briefing schedule.  To the extent the Court wants a separate motion to dismiss filed for each related case, the Plaintiffs and Defendant have conferred concerning a briefing schedule for Defendant's motion to dismiss, and propose the following schedule: (1) Defendant to file its motion to dismiss forty-five (45) days after Plaintiffs file their amended complaint; (2) Plaintiffs to file their response to Defendant's motion to dismiss thirty days thereafter; (3) Defendant to file its reply twenty-one days thereafter.

_____

(vii)    **Oral Argument:** _____

(viii)   **Joint Pre-Trial Order to be Submitted by:** _____ __

(ix)     **Final Pre-Trial Conference:** _____

(x)      **Trial:** _____

(xi)     **Other:** _____



**SO ORDERED:** New York, New York

Dated:_____, 2015


_____
Honorable Richard M. Berman
United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 9, 2015, I electronically filed and served the foregoing using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

            /s/ *John A. Libra*

John A. Libra
KOREIN TILLERY LLC
205 North Michigan Avenue
Suite 1950
Chicago, Illinois 60601
Phone: (312) 641-9760
Fax: (312) 641-9751
jlibra@koreintillery.com

*One of the Attorneys for Plaintiffs*