# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3604
jtambe@jonesday.com

230397-675007

February 20, 2015

**VIA ECF & HAND DELIVERY**

Hon. Richard M. Berman
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, NY 10007

Re:     *Nat'l Credit Union Admin. Board v. Wells Fargo Bank, N.A.,* 14-CV-10067 (S.D.N.Y.)

Dear Judge Berman:

We represent Wells Fargo Bank, N.A., as trustee ("Wells Fargo"), in the above-referenced case, and we write to set forth the bases for Wells Fargo's anticipated motion to dismiss. As Trustee for the 27 separate RMBS Trusts at issue in this lawsuit, Wells Fargo's role, as prescribed by contract, is to perform certain limited functions only as expressly agreed upon and set forth in the Governing Agreements for each Trust. Plaintiffs wrongfully seek to hold Wells Fargo responsible for the losses that Plaintiffs themselves admit were actually caused by other parties to the securitizations.

The Complaint's theories bear no relation to the provisions of the Governing Agreements, common law, or to Wells Fargo's limited contractually-specified role as trustee for the Trusts at issue. Space limitations restrict our ability to detail all of the Complaint's flaws. The nature of those flaws is no secret to NCUA, which already is responding in other actions to motions to dismiss similar complaints. The flaws identified in connection with those other actions are incorporated herein, and are further elaborated upon and supplemented as follows:

*First*, NCUA's Trust Indenture Act ("TIA") claim should be dismissed as to the 25 PSA Trusts, since the TIA does not apply to non-indenture trusts. *Second*, NCUA's TIA claim should be dismissed

ALKHOBAR  •  ATLANTA  •  BEIJING  •  BOSTON  •  BRUSSELS  •  CHICAGO  •  CLEVELAND  •  COLUMBUS  •  DALLAS  •  DUBAI
DÜSSELDORF  •  FRANKFURT  •  HONG KONG  •  HOUSTON  •  IRVINE  •  JEDDAH  •  LONDON  •  LOS ANGELES  •  MADRID
MEXICO CITY  •  MILAN  •  MOSCOW  •  MUNICH  •  NEW YORK  •  PARIS  •  PITTSBURGH  •  RIYADH  •  SAN DIEGO
SAN FRANCISCO  •  SÃO PAULO  •  SHANGHAI  •  SILICON VALLEY  •  SINGAPORE  •  SYDNEY  •  TAIPEI  •  TOKYO  •  WASHINGTON

JONES DAY

Judge Richard M. Berman
February 20, 2015
Page 2

as to the 2 Indenture Trusts as well.  Subsection 315(a)(1) of the TIA does not create a private right of

action.  In addition, the alleged representation and warranty ("R&W") breaches and servicing failures

that form the crux of the Complaint do not trigger Events of Defaults as defined in the relevant

Indentures.  Accordingly, they cannot be a predicate for a TIA claim.

      *Third*, NCUA fails to allege a breach of the TIA based on Wells Fargo's purported failures (a) to

review mortgage files, and notify certificateholders and others of "deficiencies," and (b) to take action

when there was evidence of "defective" loans.  NCUA's allegations are too generic to plausibly plead a

TIA claim.  NCUA does not allege which originator's loans ended up in which Trusts, much less which

"responsible party" breached which R&Ws in which Trusts.  NCUA also fails to tie any duty Wells

Fargo purportedly breached to any specific provision of any contract.  Indeed, the Governing

Agreements flatly contradict NCUA's R&W-related TIA claim.  For example, in the Indentures Wells

Fargo has a duty to enforce R&W breaches only "upon discovery" of such a R&W breach (and then

only after all numerous conditions precedent are satisfied).  NCUA fails to adequately allege

"discovery" of any R&W breach by Wells Fargo.  *See FHFA v. HSBC N.A. Holdings, Inc.*, __ F.Supp.2d

__, 2014 WL 3702587, at *20–21 (S.D.N.Y. July 25, 2014); *BNYM Trust Co. v. Morgan Stanley Mortg.*

*Capital*, No. 11 Civ. 0505 (CM)(GWG), 2013 U.S. Dist. LEXIS 87863, at *55 (S.D.N.Y. June 19,

2013).  NCUA's claims also rest on factual premises refuted by publicly available documents.  In

addition, NCUA's R&W-related claims and many servicing-related claims are time-barred.

      *Fourth*, NCUA's Streit Act claims should be dismissed.  The Streit Act does not govern trusts,

like those here, which are merely collateralized by a pool of mortgage loans. *See Prudence Realization*

*Corp. v. Atwell*, 35 N.Y.S.2d 1001, 1005 (1st Dep't 1942), *aff'd* 290 N.Y. 597 (1943) (per curiam).  Nor

JONES DAY

Judge Richard M. Berman
February 20, 2015
Page 3

does it provide Certificateholders, like NCUA, any cause of action.  *See* Streit Act §125 (defining

"mortgage investments" to exclude equity investments).  The Streit Act also does not give rise to a

private right of action.   Even if it did, §§124 and 126 of the Streit Act do not impose any statutory

duties on a trustee that can form the basis for a claim.  To the extent such duties did emanate from the

statute (as opposed to the PSAs or Indenture), NCUA fails to adequately allege breaches of those duties.

*See* this Letter, *supra*.

> **Fifth**, NCUA lacks standing.  NCUA re-securitized its holdings in all of the securities at issue in

connection with the NCUA Guaranteed Notes Program.  Any claims NCUA may have had would have

been transferred as part of the re-securitization process.  To the extent they were not, NCUA still lacks

standing to assert claims predicated on alleged damages that arose from alleged inaction or conduct that

pre-dated the re-securitization of the Trusts.  Such claims are barred by the no-action clauses and

negating clauses in the Governing Agreements.  NCUA fails to adequately allege damages to the

tranches they hold (so as to have standing).   NCUA also lacks standing under General Obligations Law

§ 13-107.  In addition, certain of the Governing Agreements provide that Wells Fargo cannot be held

liable for consequential damages.

> Accordingly, for the foregoing reasons, the complaint should be dismissed in its entirety with

prejudice.

Respectfully Submitted,

/s/ Jayant W. Tambe

Jayant W. Tambe