**KOREIN TILLERY**
*Attorneys at Law*
205 North Michigan, Suite 1950
Chicago, Illinois 60601-4269
www.koreintillery.com

JOHN A. LIBRA
jlibra@koreintillery.com
p: 312.641.9750
f: 312.641.9751

February 27, 2015

**VIA ECF AND HAND DELIVERY**

Hon. Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007

> *Re: NCUA Board v. Wells Fargo Bank, N.A., 14-CV-10067 (S.D.N.Y.)*

Dear Judge Berman:

We represent Plaintiffs in the above-referenced action and write in response to the February 20, 2015 pre-motion letter to the Court by Defendant Wells Fargo, N.A. ("Wells Fargo") (ECF No. 24).

Plaintiffs have an interest in 27 residential mortgage-backed securities ("RMBS") trusts at issue in this lawsuit, and Wells Fargo is the trustee for those trusts. As trustee, Wells Fargo had statutory duties to protect the trusts and the investors' interest in the trusts. At a minimum, Wells Fargo was required to: (1) ensure that title to the underlying mortgage loans was properly transferred to the trusts; (2) enforce the trusts' repurchase rights for loans that Wells Fargo knew did not comply with representations and warranties; and (3) remedy known servicing violations.

Instead of protecting the trusts and the investors in the trusts, Wells Fargo failed to act while the trusts wasted away and investors like Plaintiffs suffered enormous losses. Plaintiffs' complaint details Wells Fargo's many

*One US Bank Plaza*
*505 North 7th Street, Suite 3600*
*Saint Louis, Missouri 63101*
*Tel: 314.241.4844 Fax: 314.241.3525*

2/27/15 Letter
Page 2

failures and the harm that they caused. As a result, the issues raised in Wells Fargo's letter do not warrant dismissal of this lawsuit. We address each of Wells Fargo's points in turn below.

*First,* Plaintiffs acknowledge that the Second Circuit's decision in *Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of New York Mellon*, 775 F.3d 154 (2d Cir. 2014) ("*Policemen's Appeal*"), bars TIA claims for trusts utilizing pooling and servicing agreements rather than indentures, but note that *Policemen's Appeal* is currently subject to a petition for rehearing and/or rehearing *en banc*. Moreover, Plaintiffs intend to retain their TIA claims to preserve their appellate rights. Thus, it would be premature to dismiss Plaintiffs' TIA claims now. *Second,* Wells Fargo does not dispute that the TIA applies to RMBS notes governed by indentures, which is the case for two of the trusts here. As noted below, Plaintiffs have adequately alleged "defaults" sufficient to survive a motion to dismiss.

*Third,* Plaintiffs' complaint is sufficiently detailed. The complaint sets forth Wells Fargo's duties under the governing agreements for each trust, identifies numerous defaults and problems within the trusts, and also alleges that Wells Fargo knew of those defaults and failed to take any action. Taken as a whole, the complaint plausibly alleges that Wells Fargo breached its duties. Wells Fargo's letter assumes that in order to state a claim, Plaintiffs would need to identify evidence pertaining to specific loans underlying each trust. But, that is not the standard on a motion to dismiss, and Wells Fargo's argument has been uniformly rejected by courts in this District. *See, e.g., Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of Am., NA*, 943 F. Supp. 2d 428, 442 (S.D.N.Y. 2013) ("At the pleading stage, plaintiffs cannot be required to identify breaches of representations and warranties with respect to individual loans in the specific trusts – such information, at this stage, is uniquely in the possession of defendants. Rather, plaintiffs satisfy their burden where their allegations 'raise a reasonable expectation that

discovery will reveal evidence' proving their claim."). In addition, Wells Fargo's statute of limitations argument is misplaced. Wells Fargo has continually breached its duties to investors, and claims against trustees are tolled until the trustee openly and unequivocally repudiates its duties or the trusteeship is otherwise terminated.

*Fourth,* Plaintiffs have properly asserted claims under the Streit Act, which provides a private cause of action with respect to RMBS because they constitute direct investments in the underlying mortgages and are not "collateral trusts." *Policemen's Appeal*, 775 F.3d at 165; *see also* BLACK'S LAW DICTIONARY (8th Ed.) ("collateral trust bond: A bond representing a debt secured by the deposit of another security with a trustee.").

*Fifth,* Plaintiffs have lost hundreds of millions of dollars on their investments in the trusts at issue in this lawsuit, and have standing to pursue these claims. Moreover, TIA claims are not automatically assigned to subsequent purchasers — they remain with the injured party. *Bluebird Partners, L.P. v. First Fid. Bank*, 85 F.3d 970, 974-75 (2d Cir. 1996). Wells Fargo's assertions that Plaintiffs lack standing and have failed to allege damages should also be rejected because they raise issues of fact that cannot be resolved on a motion to dismiss.

As noted at the conference on February 11, 2015, although Plaintiffs dispute the issues raised in Wells Fargo's letter, Plaintiffs intend to file an Amended Complaint. Accordingly, Wells Fargo's claim that the Complaint should be dismissed is premature and should be rejected.

Respectfully Submitted,

*/s/ John A. Libra*

John A. Libra

cc:     Counsel of Record (via CM/ECF)