# Morgan Lewis

**Bernard J. Garbutt III**
212-309-6084
bgarbutt@morganlewis.com

February 3, 2016

**VIA ECF**
Hon. Richard M. Berman, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 17B
New York, NY  10007-1312

Re:  *BlackRock Balanced Capital Portfolio v. Deutsche Bank Nat'l Trust Co.,* 14-cv-9367

Dear Judge Berman:

We represent Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, solely in their capacities as trustees (the "DB Trustees") in the above-referenced case (the "DB/BR Action").  We write concerning the prospect of a joint amended complaint in this case and five other cases before your Honor.  Dkt.# 128.

As to the DB Trustees, we respectfully submit that a joint complaint would render these cases more difficult for the Court to manage, would cause unnecessary confusion, could subject the DB Trustees to conflicting orders, and would prejudice the DB Trustees.

The four non-BlackRock plaintiff groups in these cases (Royal Park, NCUA, Phoenix Light, and Commerzbank) do not have any claims against the DB Trustees in the cases pending before your Honor.  If those four plaintiff groups filed a joint complaint with the BlackRock plaintiffs against the DB Trustees, they would be plaintiffs in an action against the DB Trustees despite having no claims against the DB Trustees.  Cf. Garber v. Randell, 477 F.2d 711, 717 (2d Cir. 1973) (reversing order directing that joint complaint be filed against defendant named by only one of several plaintiffs);[1] Liberty Media Corp.

---

[1] In Garber, the court further held that:
To permit such limited claims against [the defendant] to be joined with numerous unrelated claims by other [plaintiffs] against … other defendants in one "mixed bag" type of consolidated complaint would be fundamentally unfair and would violate the principles underlying our [prior] decisions … .  Nor is the prejudice to [the defendant] alleviated by designation of the claims against it separately in Paragraphs 16 to 29 as claims asserted solely by [plaintiff] Natale.
Id., at 717 (footnote omitted).

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060               ☎ +1.212.309.6000
United States                                          📠 +1.212.309.6001

Hon. Richard M. Berman, U.S.D.J.
February 3, 2016
Page 2

v. Vivendi Universal, S.A., 842 F. Supp. 2d 587, 592-93 (S.D.N.Y. 2012) (citing Garber).

Perhaps more troubling, each of those four other plaintiff groups already has a separate action pending against one of the DB Trustees before three separate Judges in this District (the "Other DB Actions").[2]  And, three of those actions have been pending for almost as long or longer than this action (only DB/CB was filed more recently).  In three of those actions (DB/RP, DB/NCUA, and DB/PL), motions to dismiss are pending.  Moreover, discovery is stayed in three of those actions (DB/NCUA, DB/PL, and DB/CB), and a protective order has been entered, and discovery is ongoing, in the fourth (DB/RP).

The pendency of the Other DB Actions brought by the same plaintiffs, together with a joint complaint herein, may subject the DB Trustees to conflicting orders or discovery obligations and creates a myriad of other potential problems, including:

- The impact of a ruling on any motion to dismiss a joint complaint in this case on a motion to dismiss in the DB/NCUA (already filed) or DB/CB (anticipated) cases;
- The appropriate scope of discovery from the DB Trustees.  For example, given that discovery is stayed in the DB/NCUA, DB/PL, and DB/CB cases (and even though those plaintiffs have no claims against the DB Trustees in these cases), would the DB Trustees be obligated to produced documents to those plaintiffs, and, perhaps more importantly, would those plaintiffs then be able to attend and question the DB Trustees' witnesses once depositions commence; and
- If the DB Trustees were required to produce documents to Royal Park in these cases, would any ensuing dispute be governed by the protective order in these cases or the protective order in the DB/RP case.

Against this backdrop, little economy is gained by having the DB/BR Action together with the Wells Fargo actions (the "WF Actions.").[3]  See In re Primeo, 09-cv-289-RMB, 2011 WL 2421310, *2-3 (S.D.N.Y. June 8, 2011) (denying consolidation where judicial

---

[2]  The "Other DB Actions" are:  Royal Park Investments SA/NV v. Deutsche Bank Nat'l Trust Co., 14-cv-4394-AJN ("DB/RP"); Nat'l Credit Union Admin. Bd. v. Deutsche Bank Nat'l Trust Co., 14-cv-8919-SHS ("DB/NCUA"); Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Trust Co., 14-cv-10103-JGK ("DB/PL"); and Commerzbank AG v. Deutsche Bank Nat'l Trust Co., 15-cv-10031-JGK ("DB/CB").

[3]  BlackRock Allocation Target Shares v. Wells Fargo Bank, N.A., 14-cv-9371 ("WF/BR"); Royal Park Investments SA/NV v. Wells Fargo Bank, N.A., 14-cv-9764; Nat'l Credit Union Admin. Bd. v. Wells Fargo Bank, N.A., 14-cv-10067-RMB; Phoenix Light SF Ltd.  v. Wells Fargo Bank, N.A., 14-cv-10102; and Commerzbank AG v. Wells Fargo Bank, N.A., 15-cv-10033.

Hon. Richard M. Berman, U.S.D.J.
February 3, 2016
Page 3

economy did not outweigh potential unnecessary confusion).

**None** of the 64 trusts at issue in the DB/BR Action overlap with the 57 trusts at issue in the WF Actions.  And, each trust was created by separate agreements (the "GAs"), each with different parties (originators, sponsors, and depositors (collectively, "Warrantors"), and servicers).  Moreover, little overlap exists between the non-parties at issue in the DB/BR Action versus the WF Actions.  For example, plaintiffs allege that Warrantors breached representations and warranties as to mortgage loans.  The DB/BR Action involves at least 39 separate groups of Warrantors, yet, only five of those 39 are also at issue in the WF/BR action.

Finally, in two groups of cases against one RMBS trustee in this District (HSBC in one and U.S. Bank in another), after deciding motions to dismiss, the courts allowed the plaintiffs to replead but did not order joint complaints.  BlackRock Balanced Capital Portfolio (FI) v. HSBC Bank USA, Nat'l Ass'n, 14-cv-9366-SAS ("HSBC Action"); BlackRock Allocation Target Shares: Series S Portfolio v. U.S. Bank, 14-cv-9401-KBF.  Moreover, plaintiffs sought to have cases against different RMBS trustees consolidated before Judge Scheindlin (see HSBC Action, Dkt.# 12), but "the Chief Judge … decided that it would be best not to consolidate" those cases.  See Exh. "A" hereto.

Therefore, we respectfully submit that a joint complaint is not appropriate, but that the parties will again submit joint papers on any motion to dismiss.  The DB Trustees have met and conferred with plaintiffs who are willing, subject to Court approval, to file separate complaints and to coordinate and file a joint response to any pre-motion letter and a joint opposition to any motion to dismiss.

Respectfully submitted,
         /S/
Bernard J. Garbutt III

Encl.

# EXHIBIT A

**Garbutt III, Bernard J.**
___

| | |
|---|---|
| **From:** | Rachel_Schwartz@nysd.uscourts.gov |
| **Sent:** | Tuesday, January 06, 2015 1:08 PM |
| **To:** | MIngber-mayerbrown.com; ajrota-jonesday.com; 'beng@blbglaw.com'; Garbutt III, Bernard J.; 'blairn@blbglaw.com'; CHoupt-mayerbrown.com; 'davidk@blbglaw.com'; dfadler-JonesDay.com; ereddington-wc.com; Borden, George; hfsidman-JonesDay.com; 'jeroen@blbglaw.com'; jSmallwood-wc.com; khodges-wc.com; 'lmpollack@jonesday.com'; 'lucas.gilmore@blbglaw.com'; Martinez, Michael; mmarcucci-jonesday.com; mmartel-jonesday.com; MWare-mayerbrown.com; 'timothyd@blbglaw.com' |
| **Subject:** | BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, National Association, et al., 14 Civ. 9366 |

Dear Counsel,

The Judge has asked me to inform you that regretfully, the Chief Judge has decided that it would be best not to consolidate these cases for pretrial motion practice. As such, only counsel for the HSBC defendants need appear at the conference today.

Best,

Rachel S. Schwartz
Law Clerk to the Honorable Shira A. Scheindlin
Southern District of New York
rachel_schwartz@nysd.uscourts.gov
Phone: (212) 805-0474
Fax: (212) 805-7920

1