```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/7/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NATIONAL CREDIT UNION
ADMINISTRATION BOARD, et al.,

                              **Plaintiffs,**           14-CV-10067 (KPF)(SN)

          -against-                        **ORDER**

WELLS FARGO BANK, NATIONAL
ASSOCIATION,

                              **Defendant.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

    Plaintiffs National Credit Union Administration Board and Graeme W. Bush ("Plaintiffs") move to strike the declaration of Devon Avallone-Graves and an accompanying exhibit submitted in support of Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Daubert motion. See Plaintiffs' Letter Motion to Strike, ECF No. 500 ("Pls.' Mot."). Plaintiffs contend that the declaration and exhibit constitute expert testimony and should be barred due to Wells Fargo's failure to timely identify Avallone-Graves as an expert. As reflected in the declaration, Avallone-Graves is not functioning as an expert but as a summary witness. Accordingly, the motion to strike is DENIED.

    The Court presumes the parties' familiarity with the factual and procedural history of this complex commercial litigation. The Court therefore incorporates its prior factual recitations by reference.

## BACKGROUND

    Avallone-Graves is a Director and Senior Project Manager at Oak Branch Advisors ("Oak Branch"), a consulting company that provides reunderwriting services, due diligence,

and litigation consulting services. Oak Branch assisted Wells Fargo's reunderwriting experts in their review in this case. See Amended and Corrected Declaration of Devon Avallone-Graves ¶¶ 2-3, ECF No. 504-1 (Avallone-Graves Decl."). Defense counsel asked Oak Branch to review the materials relied upon by Plaintiffs' reunderwriting expert, Gary Shev, in finding that certain loans breached representations and warranties. Oak Branch was to determine whether Plaintiffs' expert's opinions regarding those breaches were based in part on materials that did not exist at the time the loan was originated ("post origination document") or did not exist until after the date on which Plaintiffs allege that Wells Fargo discovered or should have discovered a purported breach ("post-discovery document"). Id. at ¶ 5.

Defense counsel identified 1,228 loans and corresponding materials for Oak Branch to review. Id. at ¶ 6. Counsel also specified the relevant dates on which Plaintiffs allege that Defendant discovered or should have discovered a breach. Oak Branch's review was conducted by a team of six underwriters supervised by Avallone-Graves and Oak Branch's managing director. Each underwriter was assigned a subset of materials to determine: (1) the category of information relied upon (i.e. income document, bankruptcy filing, additional mortgage) and (2) the date of each document. Id. at ¶¶ 7-9. After the materials were categorized, Avallone-Graves and two other Oak Branch directors analyzed the results to determine whether Plaintiffs' expert used post-origination documents to reference pre- or post-origination factors and whether all post-origination materials were dated before the relevant discovery date. Id. at ¶¶ 10-14. Oak Branch's full review is summarized in a spreadsheet attached as an exhibit to the four-page Avallone-Graves Declaration.

**DISCUSSION**

Under Federal Rule of Evidence 702, expert witnesses provide opinions when "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 701(a); United States v. Lebedev, 932 F.3d 40, 49 (2d Cir. 2019). By contrast, summary witnesses may testify using "a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. To be admissible, a summary must be "based on foundation testimony connecting it with the underlying evidence summarized." SEC v. Lek Secs. Corp., No. 17cv1789 (DLC), 2019 WL 3034888, at *2 (S.D.N.Y. July 11, 2019) (citing Fagiola v. Nat'l Gypsum Co. AC & S., 906 F.2d 53, 57 (2d Cir. 1990)). The use of summary testimony is a "common procedure" that has been "regularly approved" by the Court of Appeals. U.S. v. Lasko, 146 F. App'x. 530, 532 (2d Cir. 2005) (summary order) (citing United States v. Conlin, 551 F.2d 534, 538 (2d Cir. 1977)).

In support of the motion to strike, Plaintiffs argue both that Avallone-Graves is an undisclosed expert and that her declaration contains misleading information. As for their first argument, Plaintiffs contend that Avallone-Graves is an expert because: (1) her declaration presents wholly new analysis; (2) she and her team performed "complex and opaque" work; and (3) she changed the dates for some documents based on assumptions about when they were created. See Pls.' Mot. 2-5.

The Avallone-Graves Declaration and accompanying chart prepared to present Oak Branch's review is summary, not expert evidence. The testimony was prepared to summarize a review of voluminous materials and to aid the Court in analyzing Defendant's Daubert briefing.

Contrary to Plaintiffs' assertion, the Declaration does not put forth new analysis; it merely describes the review process and summarizes the findings of Oak Branch's sorting exercise. The exhibit to the Declaration organizes the findings and required no expertise to create. That the work was time-consuming, burdensome, or performed by people with expertise does not convert it into expert testimony. See Lebedev, 932 F.3d at 50 (testimony of accountant and litigation consultant was summary evidence). See also United States v. Milkiewicz, 470 F.3d 390, 401 (1st Cir. 2006) (chart that took "patience but not expertise" was summary evidence). The fact that Avallone-Graves made certain assumptions about the dates of documents in her Declaration does not make her an expert, either. See Lek Secs., 2019 WL 3034888, at *3 (assumptions that explain the process used to summarize massive, confusing data were not expert testimony).

Finally, to the extent that Plaintiffs disagree with Avallone-Graves's assumptions or believe that the testimony is unclear or misleading, they should argue as much in response to the Daubert motion. See Fagiola, 906 F.2d at 58 (objections that a summary was misleading "go more to its weight than to its admissibility") (citation omitted). See also United States v. Hemphill, 514 F.3d 1350, 1359 (D.C. Cir. 2008) ("[A]dmissible evidence may be unpersuasive and a [party] has the opportunity rebut it").

Plaintiffs' motion to strike is denied. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 500.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   May 7, 2020
         New York, New York