UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, Southwest Corporate Federal Credit Union, and Constitution Corporate Federal Credit Union,

and

GRAEME W. BUSH, as Separate Trustee of
NCUA GUARANTEED NOTES TRUST 2010-R1,
NCUA GUARANTEED NOTES TRUST 2010-R2,
NCUA GUARANTEED NOTES TRUST 2010-R3,
NCUA GUARANTEED NOTES TRUST 2011-R2,
NCUA GUARANTEED NOTES TRUST 2011-R4,
and NCUA GUARANTEED NOTES TRUST 2011-M1,

                              Plaintiffs,

    -against-

WELLS FARGO BANK, NATIONAL ASSOCIATION,

                             Defendant.

Case No. 14-cv-10067-KPF-SN

---

**DECLARATION OF TRACY V. SCHAFFER IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CORRECTED)**

I, Tracy V. Schaffer, an attorney admitted to practice before this Court, affirm the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a partner of the law firm of Jones Day, attorneys for Defendant Wells Fargo Bank, N.A. ("Wells Fargo") in this action.

2. I submit this declaration in support of Wells Fargo's Motion for Summary Judgment in the above-captioned action. This declaration is made based on my personal knowledge.

**THIS DOCUMENT CONTAINS INFORMATION DESIGNATED
BY THE PARTIES AS CONFIDENTIAL AND HIGHLY CONFIDENTIAL**

3. Attached hereto as Exhibit A is a chart entitled "No-Discovery Loans," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

(a) I supervised the preparation of Exhibit A, which summarizes information relating to the loans at issue in this action for which Plaintiffs have adduced no evidence that Wells Fargo's notice and enforcement duties were triggered by written notice or discovery of a representation and warranty ("R&W") breach.

(b) To prepare Exhibit A, certain documents, which are included as Exhibits to the accompanying Declaration of Thomas E. Lynch dated March 13, 2020 and submitted in support of Wells Fargo's Motion for Summary Judgment (hereinafter, the "Lynch Decl."), were reviewed to identify the documents Plaintiffs have identified as support for their contentions that Wells Fargo received written notice or discovered loan- and breach-specific R&W breaches with respect to the loans that Plaintiffs have identified as the basis for their R&W breach claims.

(c) The four documents providing the basis for Exhibit A are: (i) Plaintiffs' Supplemental Responses and Objections to Wells Fargo Bank, N.A.'s Contention Interrogatories to Plaintiffs, Pursuant to the Court's June 21, 2017 Order (Feb. 1, 2019) (Exhibit 119 to the Lynch Decl. ("Lynch Ex.")), (ii) the Opening Expert Report of Gary Shev, served in this action by Plaintiffs (Jan. 18, 2019), Exhibit 1 (Lynch Ex. 128)); (iii) the Excel file "HVMLT 2006-12 Claim Review.xlsx" produced by Plaintiffs to Wells Fargo on June 4, 2019 as supplemental materials related to the Opening Report of Gary Shev (Lynch Ex. 129); and (iv) the Reply Expert Report of Gary Shev to the Rebuttal Reports of Beverly Gentry, Kori Keith, and Joel Spolin, served in this action by Plaintiffs (Aug. 7, 2019), Exhibit 2 (Lynch Ex. 130)).

(d)  To compile the "Loan No." and "Trust" columns of Exhibit A, Plaintiffs' initial list of loans with alleged R&W breaches was extracted from Plaintiffs' Supplemental Interrogatory Responses (Lynch Ex. 119), along with the identity of the Trust in which the loans are located. The list was narrowed, based upon the Opening Expert Report of Gary Shev served in this action by Plaintiffs (Jan. 18, 2019), Exhibit 1 (Lynch Ex. 128), the Excel file "HVMLT 2006-12 Claim Review.xlsx" produced by Plaintiffs to Wells Fargo on June 4, 2019 as supplemental materials related to the Opening Report of Gary Shev (Lynch Ex. 129), and the Reply Expert Report of Gary Shev to the Rebuttal Reports of Beverly Gentry, Kori Keith, and Joel Spolin, (Aug. 7, 2019), Exhibit 2 (Lynch Ex. 130), by excluding the loans for which Plaintiffs' reunderwriting expert did not identify R&W breaches. This list of 4,328 loans was then supplemented with the following information.

(e)  The "Deficiency of Purported Evidence of Discovery or Notice Adduced by Plaintiffs" column of Exhibit A was compiled based upon Plaintiffs' Supplemental Interrogatory Responses (Lynch Ex. 119), which identifies the type of discovery or written notice of R&W breaches Plaintiffs allege Wells Fargo received. Based on Plaintiffs' Supplemental Interrogatory Responses (Lynch Ex. 119), loans for which Plaintiffs have not identified *R&W breach-specific* evidence that Wells Fargo discovered or received written notice of alleged R&W breaches are listed with an entry on Exhibit A indicating "No R&W breach-specific evidence" in the column with the heading "Deficiency of Purported Evidence of Discovery or Notice Adduced by Plaintiffs." Also based on Plaintiffs' Supplemental Interrogatory Responses (Lynch Ex. 119), loans for which Plaintiffs have not identified *loan-specific* evidence that Wells Fargo received written notice or

otherwise discovered alleged R&W breaches are identified with an entry stating "No loan-specific evidence" in the column with the heading "Deficiency of Purported Evidence of Discovery or Notice Adduced by Plaintiffs."

4. Attached hereto as Exhibit B is a chart entitled "Separate Trustee Loans," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

(a) I supervised the preparation of Exhibit B, which summarizes information relating to loans at issue in this action for which Wells Fargo's repurchase-related obligations were delegated to a separate trustee by court order before the date that Plaintiffs allege Wells Fargo was required to act.

(b) To prepare Exhibit B, certain documents identified as Exhibits to the Lynch Declaration were reviewed to identify loans underlying Plaintiffs' claims for which Wells Fargo's repurchase-related obligations were delegated to a separate trustee by court order before the date that Plaintiffs allege Wells Fargo was required to act.

(c) The documents cited in Exhibit B are:

- Plaintiffs' Supplemental Responses to Wells Fargo's Contention Interrogatories (Lynch Ex. 119)
- Opening Expert Report of Gary Shev, served in this action by Plaintiffs (Jan. 18, 2019), Exhibit 1 (Lynch Ex. 128)
- Excel file "HVMLT 2006-12 Claim Review.xlsx" produced by Plaintiffs to Wells Fargo on June 4, 2019 as supplemental materials related to the Opening Report of Gary Shev (Lynch Ex. 129)
- Reply Expert Report of Gary Shev to the Rebuttal Reports of Beverly Gentry, Kori Keith, and Joel Spolin, served in this action by Plaintiffs (Aug. 7, 2019), Exhibit 2 (Lynch Ex. 130)
- Notice to Holders for the FFML 2006-FF15 Trust (Oct. 8, 2013) (Lynch Ex. 104)
- Notice to Holders for the FFML 2006-FF17 Trust (Oct. 8, 2013) (Lynch Ex. 106)
- Notice to Holders for the HVMLT 2007-1 Trust (Sept. 7, 2012) (Lynch Ex. 108)

(d)     The "Loan No." and "Trust" columns of Exhibit B are based upon the same analysis regarding Exhibit A described above. That list of loans was then supplemented with the following information.

(e)     The entries in the "Separate Trustee Effective Date" column of Exhibit B were identified based upon a review of the Notice to Holders (Lynch Exs. 104, 106, and 108) regarding each separate trustee appointment, which identifies the "effective date" of the appointment of the separate trustee, and the corresponding dates are listed with an entry in Exhibit B. The entries in the "Claimed Enforcement Date" column are identified in Plaintiff's Supplemental Interrogatory Responses (Lynch Ex. 119). The entries in the "Claimed Enforcement Date" column were then compared against the dates identified with an entry in the corresponding "Separate Trustee Effective Date" column. Only loans for which the "Claimed Enforcement Date" is after the effective date of the separate trustee appointment identified in the "Separate Trustee Effective Date" column are included in Exhibit B.

5.     Attached hereto as Exhibit C is a chart entitled "R&W Compliance Loans," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

(a)     I supervised the preparation of Exhibit C, which summarizes information relating to the loans at issue in this action for which Plaintiffs have not adduced evidence that Wells Fargo failed to comply with its notice and enforcement obligations.

(b)     To prepare Exhibit C, certain documents, which are included as Exhibits to the Lynch Declaration, were reviewed to identify loans at issue in this action for which Plaintiffs have not adduced evidence that Wells Fargo failed to comply with its notice and enforcement obligations.

(c)   The documents cited in Exhibit C are:

- Plaintiffs' Supplemental Responses to Wells Fargo's Contention Interrogatories (Lynch Ex. 119)
- Opening Expert Report of Gary Shev, served in this action by Plaintiffs (Jan. 18, 2019), Exhibit 1 (Lynch Ex. 128)
- Excel file "HVMLT 2006-12 Claim Review.xlsx" produced by Plaintiffs to Wells Fargo on June 4, 2019 as supplemental materials related to the Opening Report of Gary Shev (Lynch Ex. 129)
- Reply Expert Report of Gary Shev to the Rebuttal Reports of Beverly Gentry, Kori Keith, and Joel Spolin, served in this action by Plaintiffs (Aug. 7, 2019), Exhibit 2 (Lynch Ex. 130)
- Apr. 1, 2013 FFML Demand (WF_NCUA_001692973-78) (Lynch Ex. 46)
- Apr. 1, 2013 FFML Demand (WF_NCUA_001692979-84) (Lynch Ex. 48)
- Apr. 19, 2012 FFML Demand (WF_NCUA_000228074-86) (Lynch Ex. 22)
- Apr. 26, 2013 ABFC Demand (WF_NCUA_001693054-64) (Lynch Ex. 16)
- Aug. 20, 2010 HVMLT Demand (WF_NCUA_000817172-259) (Lynch Ex. 63)
- Aug. 23, 2010 HVMLT Demand (WF_NCUA_000069139-40) (Lynch Ex. 59)
- Aug. 23, 2012 FFML Demand (WF_NCUA_001689745-49) (Lynch Ex. 41)
- Apr. 27, 2012 Aurora Letter (WF_NCUA_000228749-59) (Lynch Ex. 24)
- Apr. 5, 2012 Aurora Letter (WF_NCUA_000228074-86) (Lynch Ex. 22)
- June 5, 2012 Aurora Letter (WF_NCUA_001692831-35) (Lynch Ex. 29)
- June 6, 2012 Aurora Letter (WF_NCUA_000229169-74) (Lynch Ex. 32)
- May 11, 2012 Aurora Letter (WF_NCUA_000069683-87) (Lynch Ex. 26)
- Dec. 7, 2010 HVMLT Demand (WF_NCUA_0002277301-07) (Lynch Ex. 69)
- Dec. 8, 2011 HVMLT Demand (WF_NCUA_000071623-26) (Lynch Ex. 85)
- Feb. 29, 2012 HVMLT Demand (WF_NCUA_000281308-13) (Lynch Ex. 92)
- Feb. 7, 2012 HVMLT Demand (WF_NCUA_000281241-307) (Lynch Ex. 90)
- Apr. 22, 2013 FHFA Letter (WF_NCUA_001693054-64) (Lynch Ex. 16)
- June 20, 2013 FHFA Letter (WF_NCUA_001694261-77) (Lynch Ex. 19)
- Jan. 18, 2011 HVMLT Demand (WF_NCUA_000818428-33) (Lynch Ex. 71)
- Jan. 19, 2011 HVMLT Demand (WF_NCUA_000069189-90) (Lynch Ex. 65)
- Jan. 24, 2011 HVMLT Demand (WF_NCUA_000069194-96) (Lynch Ex. 67)
- Jan. 27, 2012 HVMLT Demand (WF_NCUA_000269692-96) (Lynch Ex. 88)
- July 25, 2012 FFML Demand (WF_NCUA_000069998-700002) (Lynch Ex. 35)
- July 30, 2012 FFML Demand (WF_NCUA_000070003-11) (Lynch Ex. 38)
- June 18, 2012 FFML Demand (WF_NCUA_000229169-74) (Lynch Ex. 32)
- June 26, 2013 ABFC Demand (WF_NCUA_001694261-77) (Lynch Ex. 19)
- June 7, 2011 HVMLT Demand (WF_NCUA_000309573-760) (Lynch Ex. 76)
- June 8, 2012 FFML Demand (WF_NCUA_000069683-87) (Lynch Ex. 26)
- June 8, 2012 FFML Demand (WF_NCUA_001692831-35) (Lynch Ex. 29)
- Feb. 24, 2012 Kasowitz Letter (WF_NCUA_000281234-40) (Lynch Ex. 94)
- Feb. 6, 2012 Kasowitz Letter (WF_NCUA_000281308-13) (Lynch Ex. 92)
- Jan. 25, 2012 Kasowitz Letter (WF_NCUA_000281241-307) (Lynch Ex. 90)
- Nov. 15, 2011 Kasowitz Letter (WF_NCUA_000071623-26) (Lynch Ex. 85)
- Mar. 16, 2012 HVMLT Demand (WF_NCUA_000281234-40) (Lynch Ex. 94)

- Mar. 9, 2011 HVMLT Demand (WF_NCUA_000069197-202) (Lynch Ex. 73)
- May 11, 2012 FFML Demand (WF_NCUA_000228749-59) (Lynch Ex. 24)
- May 19, 2010 HVMLT Demand (WF_NCUA_000816974-7014) (Lynch Ex. 61)
- Aug. 22, 2012 Nationstar Letter (WF_NCUA_001689744-49) (Lynch Ex. 41)
- July 20, 2012 Nationstar Letter (WF_NCUA_000069998-700002) (Lynch Ex. 35)
- July 23, 2012 Nationstar Letter (WF_NCUA_000070003-11) (Lynch Ex. 38)
- Mar. 27, 2013 Nationstar Letter (WF_NCUA_001692973-78) (Lynch Ex. 46)
- Mar. 27, 2013 Nationstar Letter (WF_NCUA_001692979-84) (Lynch Ex. 48)
- Sep. 28, 2012 Nationstar Letter (WF_NCUA_001690148-53) (Lynch Ex. 43)
- Nov. 2, 2011 HVMLT Demand (WF_NCUA_001574329-419) (Lynch Ex. 80)
- Nov. 29, 2011 HVMLT Demand (WF_NCUA_000750368-406) (Lynch Ex. 83)
- Nov. 9, 2011 HVMLT Demand (WF_NCUA_000312070-73) (Lynch Ex. 77)
- Oct. 12, 2010 HVMLT Demand (WF_NCUA_000816974-7014) (Lynch Ex. 61)
- Oct. 3, 2012 FFML Demand (WF_NCUA_001690148-53) (Lynch Ex. 43)
- Jan. 4, 2012 Premium Point Letter (WF_NCUA_000269692-96) (Lynch Ex. 88)
- Aug. 10, 2010 Quinn Emanuel Letter (WF_NCUA_000817172-259) (Lynch Ex. 63)
- Dec. 29, 2010 Quinn Emanuel Letter (WF_NCUA_000818432-33) (Lynch Ex. 71)
- Mar. 6, 2011 Quinn Emanuel Letter (WF_NCUA_000069197-202) (Lynch Ex. 73)
- May 12, 2010 Quinn Emanuel Letter (WF_NCUA_000816974-7014) (Lynch Ex. 61)
- May 24, 2011 Quinn Emanuel Letter (WF_NCUA_000309573-760) (Lynch Ex. 76)
- Nov. 12, 2010 Quinn Emanuel Letter (WF_NCUA_000277306-07) (Lynch Ex. 69)
- Nov. 23, 2011 Quinn Emanuel Letter (WF_NCUA_000750368-406) (Lynch Ex. 83)
- Oct. 26, 2011 Quinn Emanuel Letter (WF_NCUA_000312070-73) (Lynch Ex. 77)
- Oct. 27, 2011 Quinn Emanuel Letter (WF_NCUA_001574329-419) (Lynch Ex. 80)
- Sep. 2, 2010 HVMLT Demand (WF_NCUA_000817057-74) (Lynch Ex. 60)

These descriptions of these documents (with corresponding Bates number designations) are the same as the descriptions of the documents used in Wells Fargo's accompanying Rule 56.1 Statement of Undisputed Facts.

(d) The "Loan No." and "Trust" columns of Exhibit C are based upon the same analysis regarding Exhibit A described above. That list of loans was then supplemented with the following information.

(e) The "Third Party Letter(s)" column of Exhibit C, was compiled based upon information set forth in Plaintiffs' Supplemental Interrogatory Responses (Lynch Ex. 119), which identifies the types of discovery or written notice of R&W breaches Plaintiffs allege

Wells Fargo received. Based on Plaintiffs' Supplemental Interrogatory Responses (Lynch Ex. 119), loans for which Plaintiffs allege Wells Fargo received written notice or discovered R&W breaches based upon a letter or letters Wells Fargo received requesting repurchase of a loan are listed on Exhibit C with an entry in the column with the heading "Third Party Letter(s)." Also based on Plaintiffs' Supplemental Interrogatory Responses (Lynch Ex. 119), for each loan with an entry in the column with the heading "Third Party Letter(s)," there is also an entry in the column with the heading "Wells Fargo Demand(s)" identifying the letters through which Wells Fargo provided notice to the relevant Responsible Parties of the alleged R&W breaches and demanded repurchase of the loans. Each specific letter that has been identified with an entry in the "Third Party Letter(s)" and "Wells Fargo Demand(s)" columns of Exhibit C are identified by reference to their definition in Wells Fargo's 56.1 Statement of Undisputed Facts, as well as the Bates number that identified the documents when they were produced to Plaintiffs in this action.

6. Attached hereto as Exhibit D is a chart entitled "R&W Compliance Loans for Which the Responsible Party Disputed the Existence or Materiality of All Alleged R&W Breaches," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

(a) I supervised the preparation of Exhibit D, which summarizes information relating to loans at issue in this action for which Plaintiffs have not adduced evidence that Wells Fargo failed to comply with its notice and enforcement obligations, and for which the Responsible Party disputed the existence or materiality of alleged R&W breaches.

(b) To prepare Exhibit D, certain documents, which are Exhibits to the Lynch Declaration, were reviewed to identify loans at issue in this action for which Plaintiffs have not

adduced evidence that Wells Fargo failed to comply with its notice and enforcement obligations and the Responsible Party disputed the existence or materiality of alleged R&W breaches.

(c)   The documents cited in Exhibit D are:

- Plaintiffs' Supplemental Responses to Wells Fargo's Contention Interrogatories (Lynch Ex. 119)
- Opening Expert Report of Gary Shev, served in this action by Plaintiffs (Jan. 18, 2019), Exhibit 1 (Lynch Ex. 128)
- Excel file "HVMLT 2006-12 Claim Review.xlsx" produced by Plaintiffs to Wells Fargo on June 4, 2019 as supplemental materials related to the Opening Report of Gary Shev (Lynch Ex. 129)
- Reply Expert Report of Gary Shev to the Rebuttal Reports of Beverly Gentry, Kori Keith, and Joel Spolin, served in this action by Plaintiffs (Aug. 7, 2019), Exhibit 2 (Lynch Ex. 130)
- Apr. 1, 2013 FFML Demand (WF_NCUA_001692973-78) (Lynch Ex. 46)
- Apr. 1, 2013 FFML Demand (WF_NCUA_001692979-84) (Lynch Ex. 48)
- Apr. 19, 2012 FFML Demand (WF_NCUA_000228074-86) (Lynch Ex. 22)
- Apr. 26, 2013 ABFC Demand (WF_NCUA_001693054-64) (Lynch Ex. 16)
- Aug. 20, 2010 HVMLT Demand (WF_NCUA_000817172-259) (Lynch Ex. 63)
- Aug. 23, 2010 HVMLT Demand (WF_NCUA_000069139-40) (Lynch Ex. 59)
- Aug. 23, 2012 FFML Demand (WF_NCUA_001689745-49) (Lynch Ex. 41)
- Apr. 27, 2012 Aurora Letter (WF_NCUA_000228749-59) (Lynch Ex. 24)
- Apr. 5, 2012 Aurora Letter (WF_NCUA_000228074-86) (Lynch Ex. 22)
- June 5, 2012 Aurora Letter (WF_NCUA_001692831-35) (Lynch Ex. 29)
- June 6, 2012 Aurora Letter (WF_NCUA_000229169-74) (Lynch Ex. 32)
- May 11, 2012 Aurora Letter (WF_NCUA_000069683-87) (Lynch Ex. 26)
- Aug. 10, 2012 Countrywide Response (WF_NCUA_001689603) (Lynch Ex. 93)
- Aug. 14, 2012 Countrywide Response (WF_NCUA_001689634) (Lynch Ex. 72)
- Aug. 14, 2012 Countrywide Response (WF_NCUA_001689635) (Lynch Ex. 70)
- Aug. 14, 2012 Countrywide Response (WF_NCUA_001689636) (Lynch Ex. 75)
- Aug. 27, 2010 Countrywide Response (WF_NCUA_000816974-7014) (Lynch Ex. 61)
- Aug. 3, 2012 Countrywide Response (WF_NCUA_000270074-75) (Lynch Ex. 89)
- Feb. 4, 2011 Countrywide Response (WF_NCUA_000069204-05) (Lynch Ex. 68)
- Jan. 14, 2011 Countrywide Response (WF_NCUA_000069186-88) (Lynch Ex. 64)
- Jan. 22, 2011 Countrywide Response (WF_NCUA_000069191-93) (Lynch Ex. 66)
- July 19, 2012 Countrywide Response (WF_NCUA_000046297) (Lynch Ex. 86)
- July 27, 2012 Countrywide Response (WF_NCUA_000229699) (Lynch Ex. 91)
- June 13, 2012 Countrywide Response (WF_NCUA_000229155) (Lynch Ex. 84)
- May 2, 2012 Countrywide Response (WF_NCUA_000069564) (Lynch Ex. 79)
- May 30, 2012 Countrywide Response (WF_NCUA_000069649) (Lynch Ex. 81)
- Nov. 30, 2010 Countrywide Response (WF_NCUA_000069170) (Lynch Ex. 62)

- Dec. 7, 2010 HVMLT Demand (WF_NCUA_0002277301-07) (Lynch Ex. 69)
- Dec. 8, 2011 HVMLT Demand (WF_NCUA_000071623-26) (Lynch Ex. 85)
- Feb. 29, 2012 HVMLT Demand (WF_NCUA_000281308-13) (Lynch Ex. 92)
- Feb. 7, 2012 HVMLT Demand (WF_NCUA_000281241-307) (Lynch Ex. 90)
- Apr. 22, 2013 FHFA Letter (WF_NCUA_001693054-64) (Lynch Ex. 16)
- June 20, 2013 FHFA Letter (WF_NCUA_001694261-77) (Lynch Ex. 19)
- Apr. 19, 2013 First Franklin Response (WF_NCUA_001693018) (Lynch Ex. 50)
- Apr. 26, 2013 First Franklin Response (WF_NCUA_001693047) (Lynch Ex. 51)
- Dec. 3, 2012 First Franklin Response (WF_NCUA_001691372) (Lynch Ex. 45)
- May 24, 2013 First Franklin Response (WF_NCUA_001693984) (Lynch Ex. 47)
- May 3, 2013 First Franklin Response (WF_NCUA_001693664) (Lynch Ex. 52)
- Nov. 8, 2012 First Franklin Response (WF_NCUA_001690881) (Lynch Ex. 42)
- Oct. 2, 2012 First Franklin Response (WF_NCUA_001690214) (Lynch Ex. 28)
- Oct. 30, 2012 First Franklin Response (WF_NCUA_001690687) (Lynch Ex. 40)
- Oct. 30, 2012 First Franklin Response (WF_NCUA_001690688) (Lynch Ex. 37)
- Oct. 4, 2012 First Franklin Response (WF_NCUA_001690215) (Lynch Ex. 34)
- Oct. 5, 2012 First Franklin Response (WF_NCUA_001690217) (Lynch Ex. 31)
- Sep. 27, 2012 First Franklin Response (WF_NCUA_001690131) (Lynch Ex. 23)
- Sep. 28, 2012 First Franklin Response (WF_NCUA_001690212) (Lynch Ex. 25)
- Jan. 18, 2011 HVMLT Demand (WF_NCUA_000818428-33) (Lynch Ex. 71)
- Jan. 19, 2011 HVMLT Demand (WF_NCUA_000069189-90) (Lynch Ex. 65)
- Jan. 24, 2011 HVMLT Demand (WF_NCUA_000069194-96) (Lynch Ex. 67)
- Jan. 27, 2012 HVMLT Demand (WF_NCUA_000269692-96) (Lynch Ex. 88)
- July 25, 2012 FFML Demand (WF_NCUA_000069998-700002) (Lynch Ex. 35)
- July 30, 2012 FFML Demand (WF_NCUA_000070003-11) (Lynch Ex. 38)
- June 18, 2012 FFML Demand (WF_NCUA_000229169-74) (Lynch Ex. 32)
- June 26, 2013 ABFC Demand (WF_NCUA_001694261-77) (Lynch Ex. 19)
- June 8, 2012 FFML Demand (WF_NCUA_000069683-87) (Lynch Ex. 26)
- June 8, 2012 FFML Demand (WF_NCUA_001692831-35) (Lynch Ex. 29)
- Feb. 24, 2012 Kasowitz Letter (WF_NCUA_000281234-40) (Lynch Ex. 94)
- Feb. 6, 2012 Kasowitz Letter (WF_NCUA_000281308-13) (Lynch Ex. 92)
- Jan. 25, 2012 Kasowitz Letter (WF_NCUA_000281241-307) (Lynch Ex. 90)
- Nov. 15, 2011 Kasowitz Letter (WF_NCUA_000071623-26) (Lynch Ex. 85)
- Mar. 16, 2012 HVMLT Demand (WF_NCUA_000281234-40) (Lynch Ex. 94)
- Mar. 9, 2011 HVMLT Demand (WF_NCUA_000069197-202) (Lynch Ex. 73)
- May 11, 2012 FFML Demand (WF_NCUA_000228749-59) (Lynch Ex. 24)
- May 19, 2010 HVMLT Demand (WF_NCUA_000816974-7014) (Lynch Ex. 61)
- Aug. 22, 2012 Nationstar Letter (WF_NCUA_001689745-49) (Lynch Ex. 41)
- July 20, 2012 Nationstar Letter (WF_NCUA_000069998-700002) (Lynch Ex. 35)
- July 23, 2012 Nationstar Letter (WF_NCUA_000070003-11) (Lynch Ex. 38)
- Mar. 27, 2013 Nationstar Letter (WF_NCUA_001692973-78) (Lynch Ex. 46)
- Mar. 27, 2013 Nationstar Letter (WF_NCUA_001692979-84) (Lynch Ex. 48)
- Sep. 28, 2012 Nationstar Letter (WF_NCUA_001690148-53) (Lynch Ex. 43)
- Nov. 2, 2011 HVMLT Demand (WF_NCUA_001574329-419) (Lynch Ex. 80)
- Nov. 29, 2011 HVMLT Demand (WF_NCUA_000750368-406) (Lynch Ex. 83)
- Nov. 9, 2011 HVMLT Demand (WF_NCUA_000312070-73) (Lynch Ex. 77)

- Oct. 12, 2010 HVMLT Demand (WF_NCUA_000816974-7014) (Lynch Ex. 61)
- Oct. 3, 2012 FFML Demand (WF_NCUA_001690148-53) (Lynch Ex. 43)
- Jan. 4, 2012 Premium Point Letter (WF_NCUA_000269692-96) (Lynch Ex. 88)
- Aug. 10, 2010 Quinn Emanuel Letter (WF_NCUA_000817172-259) (Lynch Ex. 63)
- Dec. 29, 2010 Quinn Emanuel Letter (WF_NCUA_000818428-33) (Lynch Ex. 71)
- Mar. 6, 2011 Quinn Emanuel Letter (WF_NCUA_000069197-202) (Lynch Ex. 73)
- May 12, 2010 Quinn Emanuel Letter (WF_NCUA_000816974-7014) (Lynch Ex. 61)
- Nov. 12, 2010 Quinn Emanuel Letter (WF_NCUA_000277302-07) (Lynch Ex. 69)
- Nov. 23, 2011 Quinn Emanuel Letter (WF_NCUA_000750368-406) (Lynch Ex. 83)
- Oct. 26, 2011 Quinn Emanuel Letter (WF_NCUA_000312070-73) (Lynch Ex. 77)
- Oct. 27, 2011 Quinn Emanuel Letter (WF_NCUA_001574329-419) (Lynch Ex. 80)
- July 26, 2013 Sand Canyon Response (WF_NCUA_001694524-29) (Lynch Ex. 18)
- Oct. 3, 2013 Sand Canyon Response (WF_NCUA_001695161-75) (Lynch Ex. 21)
- Sep. 2, 2010 HVMLT Demand (WF_NCUA_000817057-74) (Lynch Ex. 60)

These descriptions of these documents (with corresponding Bates number designations) are the same as the descriptions of the documents used in Wells Fargo's accompanying Rule 56.1 Statement of Undisputed Facts.

(d) The "Loan No.," "Trust," "Third Party Letter(s)," and "Wells Fargo Demand(s)" columns of Exhibit D are based upon the same analysis underlying Exhibit C (described above). That list of loans was then supplemented with the following information.

(e) To compile the "Responsible Party Response(s)" column of Exhibit D, loans for which Plaintiffs have not adduced evidence that Wells Fargo failed to comply with its notice and enforcement obligations and for which the Responsible Party disputed the existence or materiality of alleged R&W breaches were compiled and are identified in Exhibit D with an entry in the column with the heading "Responsible Party Response(s)." Evidence constituting responses from Responsible Parties was identified in the "Responsible Party Response(s)" column. Each specific letter that has been identified with an entry in the "Responsible Party Response(s)" column of Exhibit D are identified by reference to their

-11-

definition in Wells Fargo's 56.1 Statement of Undisputed Facts, as well as the Bates number that identified the documents when they were produced to Plaintiffs in this action.

7. Attached hereto as Exhibit E is a chart entitled "R&W Compliance Loans for Which Wells Fargo Discovered All Alleged R&W Breaches After Statute of Limitations for Repurchase Litigation Had Expired," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

(a) I supervised the preparation of Exhibit E, which summarizes information relating to the loans at issue in this action for which Plaintiffs have not adduced evidence that Wells Fargo failed to comply with its notice and enforcement obligations and for which the date that Plaintiffs claim Wells Fargo discovered or received written notice of R&W breaches occurred after the longest-possible (6-year) statute of limitations for repurchase litigation had expired.

(b) To prepare Exhibit E, certain documents, which are Exhibits to the Lynch Declaration, were reviewed to identify loans at issue in this action for which Plaintiffs have not adduced evidence that Wells Fargo failed to comply with its notice and enforcement obligations and the date that Plaintiffs claim Wells Fargo discovered or received written notice of R&W breaches occurred after the longest-possible (6-year) statute of limitations for repurchase litigation had expired.

(c) The documents cited in Exhibit E are:

- o Plaintiffs' Supplemental Responses to Wells Fargo's Contention Interrogatories (Lynch Ex. 119)
- o Opening Expert Report of Gary Shev, served in this action by Plaintiffs (Jan. 18, 2019), Exhibit 1 (Lynch Ex. 128)

- - Excel file "HVMLT 2006-12 Claim Review.xlsx" produced by Plaintiffs to Wells Fargo on June 4, 2019 as supplemental materials related to the Opening Report of Gary Shev (Lynch Ex. 129)
  - Reply Expert Report of Gary Shev to the Rebuttal Reports of Beverly Gentry, Kori Keith, and Joel Spolin, served in this action by Plaintiffs (Aug. 7, 2019), Exhibit 2 (Lynch Ex. 130)
  - ABFC 2006-OPT2 PSA, WF_NCUA_000035016-215 at WF_NCUA_000035048 (Lynch Ex. 1)
  - Apr. 22, 2013 FHFA Letter (WF_NCUA_001693054-64) (Lynch Ex. 16)
  - June 20, 2013 FHFA Letter (WF_NCUA_001694261-77) (Lynch Ex. 19)

(d) The "Loan No." "Trust," and "Third Party Letter" columns of Exhibit E are based upon the same analysis underlying Exhibit B described above. That list of loans was then supplemented with the following information.

(e) The "SOL Expiration Date" column of Exhibit E was created based upon a review of the ABFC 2006-OPT2 PSA to identify the Trust's Closing Date (a defined term) (10/12/2006), and the corresponding date on which the longest-possible (6-year) statute of limitations for repurchase litigation expired (10/12/2012) (the "SOL Expiration Date")

(f) Exhibit E thereby sets forth loans at issue in this action for which the "SOL Expiration Date" is before the date of the letter identified in the "Third Party Letter" column.

8. Attached hereto as Exhibit F is a chart entitled "At Issue Loans for Which Wells Fargo Issued Letters and Demands Based on Material Exceptions," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

(a) I supervised the preparation of Exhibit F, which summarizes information relating to loans at issue in this action for which Wells Fargo provided notice to the Responsible Party of alleged material exceptions and demanded repurchase.

(b) To prepare Exhibit F, certain documents, which are Exhibits to the Lynch Declaration, were reviewed to identify loans for which Wells Fargo provided notice to the Responsible Party of alleged material exceptions and demanded repurchase.

(c)  The documents cited in Exhibit F are:

- Exhibit G to Report of Christopher J. Milner (Jan. 18, 2019; corrected Jan. 25, 2019) (Lynch Ex. 125)
- Aug. 11, 2009 Wells Fargo Letter (WF_NCUA_001569379-82) (Lynch Ex. 55)
- Dec. 21, 2009 HVMLT 2006-11 Demand (WF_NCUA_001569379-82; WF_NCUA_001696847) (Lynch Exs. 55-56)
- Aug. 24, 2009 Wells Fargo Letter (WF_NCUA_001570702-05) (Lynch Ex. 95)
- Mar. 25, 2010 HVMLT 2006-12 Demand (WF_NCUA_001570702-05; WF_NCUA_001696852) (Lynch Exs. 95-96)
- Aug. 20, 2009 Wells Fargo Letter (WF_NCUA_001569375-78) (Lynch Ex. 97)
- Dec. 21, 2009 HVMLT 2007-1 Demand (WF_NCUA_001569375-78; WF_NCUA_001696848) (Lynch Exs. 97-98)

(d)  To compile the "Loan No." and "Trust" columns of Exhibit F, Plaintiffs' list of loans with alleged Material Mortgage File Defects was extracted from Exhibit G of the Report of Plaintiffs' proposed expert Christopher J. Milner, along with the identity of the Trust in which the loan underlying Plaintiffs' claims is located.

(e)  The list of loans with alleged Material Mortgage File Defects was then narrowed based upon six documents demonstrating that Wells Fargo provided notice of alleged material document exceptions and then demanded repurchase for each of the loans identified in Exhibit F. (*See* Lynch Ex. 55, WF_NCUA_001569379-82; Lynch Ex. 56, WF_NCUA_001696847; Lynch Ex. 95, WF_NCUA_001570702-05; Lynch Ex. 96, WF_NCUA_001696852; Lynch Ex. 97, WF_NCUA_001569375-78; Lynch Ex. 98, WF_NCUA_001696848.)

9.  Attached hereto as Exhibit G is a chart entitled "Countrywide's Responses Disputing Alleged Breaches Associated with Purported EODs in the HVMLT 2006-12 and HVMLT 2007-1 Trusts," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

(a)   I supervised the preparation of Exhibit G, which summarizes information relating to Plaintiffs' claim that Countrywide Home Loans ("Countrywide") breached its obligation to timely respond to Wells Fargo's demands that Countrywide repurchase allegedly breaching loans in the HVMLT 2006-12 and HVMLT 2007-1 Trusts (each a "Wells Fargo Demand"), and that such breaches by Countrywide constituted Events of Default with respect to these Trusts.

(b)   To prepare Exhibit G, certain documents, which are Exhibits to the Lynch Declaration, were reviewed to identify allegedly breaching loans listed in the letters Wells Fargo sent to Countrywide demanding repurchase, and for which Countrywide responded either (i) disputing the existence or materiality of the alleged breaches, or (ii) agreeing that repurchase was warranted.

(c)   The documents cited in Exhibit G are:

- Plaintiffs' Supplemental Responses to Wells Fargo's Contention Interrogatories (Lynch Ex. 119)
- Expert Report of Leonard A. Blum (Jan. 18, 2019) (Lynch Ex. 122)
- WF_NCUA_000071623-26 (Lynch Ex. 85)
- WF_NCUA_000281241-307 (Lynch Ex. 90)
- WF_NCUA_000281308-13 (Lynch Ex. 92)
- WF_NCUA_000281234-40 (Lynch Ex. 94)
- WF_NCUA_000816974-7014 (Lynch Ex. 61)
- WF_NCUA_000069139-40 (Lynch Ex. 59)
- WF_NCUA_000817057-74 (Lynch Ex. 60)
- WF_NCUA_000817172-259 (Lynch Ex. 63)
- WF_NCUA_000069189-90 (Lynch Ex. 65)
- WF_NCUA_000069194-96 (Lynch Ex. 67)
- WF_NCUA_000277302-07 (Lynch Ex. 69)
- WF_NCUA_000818428-33 (Lynch Ex. 71)
- WF_NCUA_000069197-202 (Lynch Ex. 73)
- WF_NCUA_000309573-760 (Lynch Ex. 76)
- WF_NCUA_000312070-73 (Lynch Ex. 77)
- WF_NCUA_001574329-419 (Lynch Ex. 80)
- WF_NCUA_000750368-406 (Lynch Ex. 83)
- WF_NCUA_000750345-59 (Lynch Ex. 99)
- WF_NCUA_000750331-44 (Lynch Ex. 100)

- o WF_NCUA_000046927 (Lynch Ex. 86)
- o WF_NCUA_000046928 (Lynch Ex. 87)
- o WF_NCUA_000229699 (Lynch Ex. 91)
- o WF_NCUA_000229698 (Lynch Ex. 91)
- o WF_NCUA_001689603 (Lynch Ex. 93)
- o WF_NCUA_001689601 (Lynch Ex. 93)
- o WF_NCUA_001689603 (Lynch Ex. 93)
- o WF_NCUA_001689602 (Lynch Ex. 93)
- o WF_NCUA_000816974-7014 (Lynch Ex. 61)
- o WF_NCUA_000069170 (Lynch Ex. 62)
- o WF_NCUA_000069186-88 (Lynch Ex. 64)
- o WF_NCUA_000069191-93 (Lynch Ex. 66)
- o WF_NCUA_000069204-05 (Lynch Ex. 68)
- o WF_NCUA_001689635 (Lynch Ex. 70)
- o WF_NCUA_001689634 (Lynch Ex. 72)
- o WF_NCUA_001689636 (Lynch Ex. 75)
- o WF_NCUA_000069564 (Lynch Ex. 79)
- o WF_NCUA_000228165 (Lynch Ex. 79)
- o WF_NCUA_000069649 (Lynch Ex. 81)
- o WF_NCUA_000228874 (Lynch Ex. 82)
- o WF_NCUA_000229155 (Lynch Ex. 84)
- o WF_NCUA_000229154 (Lynch Ex. 84)
- o WF_NCUA_000229682 (Lynch Ex. 101)
- o WF_NCUA_000229681 (Lynch Ex. 101)
- o WF_NCUA_000046933 (Lynch Ex. 102)
- o WF_NCUA_000046934 (Lynch Ex. 102)

(d) Exhibit G was created based upon the documents Plaintiffs have identified as their alleged support for Events of Default in the HVMLT 2007-1 and HVMLT 2006-12 Trusts. (*See* Plaintiffs' Supplemental Responses to Wells Fargo's Contention Interrogatories at 18, 22 (Lynch Ex. 119) and Expert Report of Leonard A. Blum, at 163, 196 (Jan. 18, 2019) (Lynch Ex. 122).) The entries in the "Allegedly Breaching Loans" column of Exhibit G list the number of loans that were included on each of those documents identified by Plaintiffs.

(e) The "Countrywide Responses" column of Exhibit G and the sub-columns within that column identify documents produced by Wells Fargo evidencing loans for which Countrywide either (i) disputed the alleged breach and declined to repurchase, or (ii)

agreed that repurchase was warranted. That information is summarized with entries in the "Declined Loans" and "Approved Loans" columns. Source documents are identified with reference to the Bates numbers that identify the documents as they were produced to Plaintiffs in this action.

10. Attached hereto as Exhibit H is a chart entitled "At Issue Loans in the Liquidated Loan Trusts That Were Liquidated Before Plaintiffs Allege Wells Fargo Was Obligated to Take Action to Enforce Repurchase," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

(a) I supervised the preparation of Exhibit H, which summarizes information relating to loans at issue in this action that were liquidated before the dates on which Plaintiffs' proposed damages expert alleges Wells Fargo's obligation to issue notice and repurchase demands to the Responsible Parties arose.

(b) To prepare Exhibit H, certain documents, which are Exhibits to the Lynch Declaration, were reviewed to identify loans that were liquidated before the dates on which Plaintiffs have alleged that Wells Fargo's obligation to issue notice and repurchase demands to the Responsible Parties arose.

(c) The documents cited in Exhibit H are:

- Corrected Reply Report of Christopher J. Milner, served in this action by Plaintiffs (Nov. 8, 2019), Adj. Ex. D (Lynch Ex. 126)
- Excel file "ABFC 2006-OPT2 MF Loans NonZeros - 010819.xlsx" produced by Plaintiffs as reliance materials with the Corrected Reply Report of Christopher J. Milner (Lynch Ex. 127.M)
- Excel file "ABFC 2006-OPT2 RW Loans NonZeros - 080819.xlsx" produced by Plaintiffs as reliance materials with the Corrected Reply Report of Christopher J. Milner (Lynch Ex. 127.N)
- Excel file "HVMLT 2006-12 RW Loans NonZeros - 080819.xlsx" produced by Plaintiffs as reliance materials with the Corrected Reply Report of Christopher J. Milner (Lynch Ex. 127.O)

- o Excel file "HVMLT 2007-1 RW Loans NonZeroes - 080819.xlsx" produced by Plaintiffs as reliance materials with the Corrected Reply Report of Christopher J. Milner (Lynch Ex. 127.P)
- o Excel file "SVHE 2007-OPT1 MF Loans NonZeros - 010819.xlsx" produced by Plaintiffs as reliance materials with the Corrected Reply Report of Christopher J. Milner (Lynch Ex. 127.Q)
- o Materials produced in support of the Corrected Reply Report of Christopher J. Milner, which purported to identify liquidation dates on the basis of remittance reports for the Trusts published by Wells Fargo

(d) The information set forth in the "Loan No.," "Trust," and "Type of Alleged Breach" columns of Exhibit H is extracted from Plaintiffs' list of loans with alleged damages, identified in certain of the Excel files produced in support of the Corrected Reply Report of Christopher J. Milner (Lynch Exs. 127.M-Q).

(e) The entries in the "Claimed Notice and Demand Obligation Date" column of Exhibit H are based on the Corrected Reply Report of Christopher J. Milner, served in this action by Plaintiffs (Nov. 8, 2019), Adj. Ex. D (Lynch Ex. 126). The dates identified in the "Liquidation Date" column are based on the materials produced in support of the Corrected Reply Report of Christopher J. Milner, which purported to identify liquidation dates on the basis of remittance reports for the Trusts published by Wells Fargo. The loans at issue in this action in Exhibit H are those for which the "Claimed Notice and Demand Obligation Date" is after the date in the corresponding "Liquidation Date" column.

11. Attached hereto as Exhibit I is a chart entitled "Securities for Which Plaintiffs Seek Double Recovery," submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

(a) I supervised the preparation of Exhibit I, which summarizes information relating to nine securities for which Plaintiffs seek recovery in this action for the same alleged injury that Plaintiffs have already recovered for in three prior settlements.

(b) To prepare Exhibit I, certain documents, which are Exhibits to the Lynch Declaration., were reviewed to identify the amount of alleged damages, including prejudgment interest, that Plaintiffs seek with respect to each security and the amount of settlement proceeds that Plaintiffs have previously allocated to the security following settlements in prior actions. Exhibit I therefore summarizes the amounts by which any damages award with respect to the securities must be reduced to prevent Plaintiffs from obtaining double recovery for any portion of their Claimed Damages.

(c) The documents cited in Exhibit I are:

- Plaintiffs' Responses and Objections to Defendant Wells Fargo Bank, N.A.'s Supplemental Interrogatory to Plaintiffs dated October 26, 2017 (Lynch Ex. 117)
- "Model_Results_021_100_0_PrimaryDmgs_ABFC 2006-OPT2 Waterfall Model - A3D.xlsx", Worksheet "Damages", Column AL, Row 9 (Lynch Ex. 127.G)
- "Model_Results_021_100_0_PrimaryDmgs_ABFC 2006-OPT2 Waterfall Model - M1.xlsx", Worksheet "Damages", Column AL, Row 9 (Lynch Ex. 127.H)
- "Model_Results_001_100_0_PrimaryDmgs_HVMLT 2006-11 Waterfall Model - A1A.xlsx", Worksheet "Damages", Column AL, Row 9 (Lynch Ex. 127.J)
- "Model_Results_001_100_0_PrimaryDmgs_HVMLT 2006-11 Waterfall Model - A1B.xlsx", Worksheet "Damages", Column AL, Row 9 (Lynch Ex. 127.K)
- "Model_Results_023_100_0_PrimaryDmgs_HVMLT 2006-12 Waterfall Model - 2A2B.xlsx", Worksheet "Damages", Column AL, Row 9 (Lynch Ex. 127.I)
- "Model_Results_015_100_0_PrimaryDmgs_HVMLT 2007-1 Waterfall Model - 2A1A.xlsx", Worksheet "Damages", Column AL, Row 9 (Lynch Ex. 127.A)
- "Model_Results_015_100_0_PrimaryDmgs_HVMLT 2007-1 Waterfall Model - 2A1C2.xlsx", Worksheet "Damages", Column AL, Row 9 (Lynch Ex. 127.C)
- "Model_Results_015_100_0_PrimaryDmgs_HVMLT 2007-1 Waterfall Model - B1.xlsx", Worksheet "Damages", Column AL, Row 9 (Lynch Ex. 127.D)
- "Model_Results_001_100_0_PrimaryDmgs_SVHE 2007-OPT1 Waterfall Model - IIA3.xlsx", Worksheet "Damages", Column AL, Row 9 (Lynch Ex. 127.L)

(d) The "Trust," "CUSIP," and "Amount Already Recovered" columns of Exhibit I include information set forth in Plaintiffs' Responses and Objections to Defendant Wells Fargo

      Bank, N.A.'s Supplemental Interrogatory to Plaintiffs dated October 26, 2017 (Lynch Ex. 117). The Claimed Damages for each security was obtained from the Excel file materials produced by Plaintiffs in support of the Reply Report of Christopher J. Milner. (Lynch Ex. 127.)

(e)    The entries in the "Reduction to Prevent Double Recovery," column of Exhibit I were calculated by subtracting the figures in the "Amount Already Recovered" column from the "Claimed Damages" column; however, only the total claimed damages figure for the SVHE 2007-OPT1 CUSIP is noted in the "Reduction to Prevent Double Recovery Column" for that holding because Plaintiffs' claimed damages in this action are less than the amounts they have already recovered for that holding through prior settlements.

12.    I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 13, 2020
(Corrected: April 3, 2020)
      New York, New York

                                                         */s/ Tracy V. Schaffer*
                                                         Tracy V. Schaffer